STANLEY *et al. v.* PICKHARDT *et al.*

(*Superior Court of New York City, General Term.* June 28, 1889.)

1. REFERENCE—WEIGHT OF EVIDENCE.
　　Where the evidence before a referee was conflicting, but there was testimony to support his finding, it will not be disturbed.

2. EVIDENCE—COMPETENCY.
　　Evidence is competent to show what was said and done between parties, but not to show their understanding of such facts.

3. WITNESS—CROSS-EXAMINATION.
　　Where, in a suit to recover for legal services, defendant had testified that he had told plaintiffs that one W. had contracted to pay all the expenses of a certain suit, in which plaintiffs had been engaged, and the expenses of which were in litigation, it was proper cross-examination to ask defendant if he had not paid other claims like the one in suit.

Appeal from special term.

The following is the substance of the referee's report, from a judgment on which defendants appeal: The plaintiffs were partners, as attorneys, in New York, under the firm name of Stanley, Clarke & Smith. The defendants were partners in business in New York, under the name of William Pickhardt & Kuttroff. The defendants were engaged in importing from foreign countries dyes, which were subject to duty. The rate and amount of duty were a matter in dispute between the defendants and the revenue officers of the United States. Defendants had instituted suits, involving in their aggregate demand over $200,000, against the United States collector of customs of the port of New York, to recover the sums alleged to have been by said collector unlawfully exacted as such duty. Defendants engaged the professional legal services of Stephen G. Clarke, as a member of plaintiff firm, in matters arising out of and connected with the said litigation about duties. On or about the 4th day of December, 1882, the defendants, as partners, delivered or sent to plaintiff's firm the check of William Pickhardt & Kuttroff, of that date and this tenor, viz.: "No. 12,249. New York, December 4th, 1882. The American Exchange National Bank, pay to the order of Stanley, Clarke & Smith, five hundred 00-100 dollars. $500.00-100. WILLIAM PICKHARDT & KUTTROFF." This check was so sent or delivered as a retainer to secure the services of said Clarke, a member of said plaintiff firm, in and about said litigation of defendants. Plaintiffs, upon receipt of said check, sent defendants their receipt therefor: "Rec'd of Wm. Pickhardt & Kuttroff $500.00, general retainer in their suits in U. S. circuit court for excess of duties paid on colors. STANLEY, CLARKE & SMITH." The check and receipt were produced by defendants at the hearing of this case. The $500 were paid and received as a retainer to secure to defendants the services of plaintiff Clarke in endeavoring to obtain a postponement of said causes, and also that he should assist upon the trial of them when tried. Plaintiffs were employed to aid in said litigation between defendants and the United States collector of customs, and to take part in the trial of one of said causes when reached, for a reasonable compensation to be paid for such services. Between the 6th day of December, 1882, and the 29th day of January, 1884, inclusive, plaintiffs rendered to defendants, at their request, legal professional services in respect to the continuance of defendants' suits; also in the preparation of one of the same before trial, and also upon the trial thereof, and subsequently in the preparation and settlement of the bill of exceptions filed in said cause; for which services plaintiffs are entitled to be paid by defendants so much as the same were reasonably worth, there having been no special contract fixing the amount. The reasonable worth and value of said services is the sum of $3,000, in addition to the $500 retained, already paid and received, as aforesaid.

Argued before SEDGWICK, C. J., and TRUAX and FREEDMAN, JJ.

*C. Bainbridge Smith,* for appellants. *Edwin B. Smith,* for respondents.

PER CURIAM. The main objection to the judgment, as urged, is that it is not supported by the evidence. There was explicit testimony which, if the referee believed it, required him to find for the plaintiffs. In support of this were facts and inferences which corroborated that testimony. Against it was other testimony, directly and inferentially contradictory. A review of the case does not produce a result different from that reached by the referee. There was a class of exceptions which was not valid, because the rulings to which they were made were that witness cannot testify to matters of opinion or inference or law; such as, what was the agreement or understanding, instead of, what was said and done between the parties, or the purpose for which the check was given, instead of the particulars of the transaction. Another class of exceptions comprise cases where the referee allowed questions to be put to one of the defendants as a witness, calling for the fact of his paying other claims like the one in action. These questions were put on the cross-

examination. On the direct examination the witness had given testimony that he had said to one of the plaintiffs that the defendants had a contract with one Webster that the latter should pay all expenses in a certain suit, and this might have been used, not only to contradict witnesses for plaintiffs, but also to show that defendants had no motive or interest to make the contract in action, which related to the expenses. On cross-examination the plaintiffs had a right to neutralize or modify this by showing, if possible, that all other expenses had been paid by the defendants. And this right of plaintiffs was connected with their competent attempt to show by the same question that the contract with Webster concerned other subject-matter than that of the contract in this action. No exception in the case should be sustained. Judgment affirmed, with costs.